UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME L. GRIMES,<br>Inmate #2022-0659,<br><br>                              Plaintiff,<br><br>v.<br><br>ENTERPRISE RENT-A-CAR COMPANY OF LOS ANGELES, LLC,<br>                              Defendant. | Case No.: 3:22-cv-00657-RSH-KSC<br><br>**ORDER:**<br><br>**DENYING MOTION TO PROCEED IN FORMA PAUPERIS AS BARRED BY 28 U.S.C. § 1915(g) [ECF No. 2]; and**<br><br>**DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE 28 U.S.C. § 1914(a) REQUIRES** |

    Plaintiff Jerome L. Grimes is a pretrial detainee at the Douglas County Jail in Castle Rock, Colorado, who filed a pro se complaint against Enterprise Rent-a-Car Company of Los Angeles, LLC, asserting what the Court interprets as claims of negligence, negligent supervision, breach of contract, false imprisonment, and intentional infliction of emotional distress. *See* Compl., ECF No. 1 at 1–3. Grimes has not paid the civil filing fee required under 28 U.S.C. § 1914(a). Instead, he asks this Court to waive the filing fees and costs by filing a Motion to Proceed *In Forma Pauperis* ("IFP"), ECF No. 2. This is but one of

hundreds of civil actions Grimes has filed in multiple federal district courts across the country dating back to 1986. Like many of those courts, this Court denies Grimes the privilege of IFP status and dismisses his case without prejudice for the reasons explained in this Order.

**I.      Motion to Proceed IFP**

   A.     <u>Standard of Review</u>

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa Cnty. Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Grimes, however, "face an additional hurdle." *Id.*

Because frivolous prisoner lawsuits rose to a "disproportionate share of federal filings[,]" Congress passed the Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134 § 801, 110 Stat. 1321 (1996). *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015) (citations omitted). The objective of the PLRA was to "reduc[e] frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

The PLRA not only requires prisoners to "pay the full amount of a filing fee" in "monthly installments" or "increments", but it also prohibits courts from granting a prisoner the privilege of IFP status:

> . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §§ 1915(a)(3)(b), 1915(g). Courts sometimes call this part of the PLRA the "three strikes" rule. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005). Under the three strikes rule, "a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) (hereinafter "*Cervantes*").

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews*, 398 F.3d at 1116 n.1 (internal quotations omitted), "even if the district court

styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee[,]" *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner accumulates three strikes, Section 1915(g) prohibits courts from granting him IFP status for any other civil actions or appeals in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)). "[T]he PLRA [also] requires a nexus between [any] alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022). In other words, to qualify for an exception to the three strikes rule, a "prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.* at 701.

B.   Discussion

Grimes' allegations are not clear. As best the Court can understand, he seeks to hold Enterprise Rent-a-Car Company of Los Angeles, LLC, liable because the company allegedly did not extend his rental car contract and negligently (or falsely) reported to San Diego Police that Grimes' "loaner vehicle/rental car" was stolen and/or repossessed. *See* ECF No. 1 at 2–3. Grimes claims Defendant's alleged actions resulted in Grimes' arrest and "continuous imprisonment" in a Colorado jail. *Id.* at 4. Grimes demands $160,000 in damages based on Defendant's alleged negligence and negligent supervision. *Id*. He also possibly demands $2,740 per day of his 83 days of imprisonment in the Douglas County Jail for his "humiliation" and false imprisonment. *Id*. However, Grimes does not include any "plausible allegations" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055 (quoting 28 U.S.C. § 1915(g)).

      Courts "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)); *see United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992). Therefore, this Court takes judicial notice of federal docket proceedings available on the judiciary's Public Access to Court Electronic Records ("PACER") and finds that Grimes, currently identified as Douglas County Jail Inmate #2022-0659, has filed hundreds of civil actions in multiple federal district courts across the country dating back to 1986.[1] Grimes in fact notes that he filed several similar lawsuits in 2020.[2] *See* ECF No. 1 at 1.

      These federal dockets show Grimes has been in and out of state and local custody over the course of more than three decades. Due to his vexatious litigation, at least six federal district courts have denied Grimes IFP status while incarcerated because of the three strikes rule, including the Northern District of California, Western District of Louisiana, Eastern District of Kentucky, Middle and Northern Districts of Florida, and in the District of Maryland. *See e.g.*, Order, *Grimes v. Files*, No. 3:17-cv-00464 (N.D. Fla. Apr. 12, 2018), ECF No. 10 (adopting Report and Recommendation to deny Grimes' amended motion to proceed IFP and dismissing civil action under 28 U.S.C. § 1915(g)); Order of Dismissal, *Grimes v. Roman,* No. 17-cv-03288 (N.D. Cal. July 19, 2017), ECF No. 4 ("In 2003 alone, [Grimes'] failure to comply [with court orders granting leave to pay the full filing fee and to state cognizable claims for relief] resulted in the dismissal of

---

[1] *See* Admin. Office of U.S. Courts, *Case Locator*, PACER, https://pcl.uscourts.gov/pcl/pages/search/results/parties.jsf?sid=ceedf0627bde448ebc0a45d246b60ae5 (last visited July 27, 2022).

[2] Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one on the criteria under § 1915(g) and therefore counts as a strike." *Andrews*, 398 F.3d at 1119–20.

approximately thirty-six actions under § 1915(g)."); Mem. Op. and Order, *Grimes v. Engram*, No. 8:17-cv-01480 (D. Md. June 5, 2017), ECF No. 6 at 2 (denying leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) and noting Grimes' filing of "hundreds of cases in the federal courts."); Order, *Grimes v. Kelly*, No. 6:15-cv-02073 (M.D. Fla. Dec. 16, 2015), ECF No. 5 at 2 ("A review of PACER confirms that [Grimes] has filed hundreds of actions in several district courts in the United States and has had three of more cases dismissed for failure to state a claim or as frivolous."); Order, *Grimes v. Medlock*, No. 6:15-cv-00140 (E.D. Ky. Sept. 16, 2015), ECF No. 8 at 3 (denying Grimes leave to proceed IFP pursuant to 28 U.S.C. § 1915(g) and noting "the federal judiciary's on-line database indicates that 'Jerome L. Grimes' has filed almost 500 civil rights suits in the federal court system, mostly in California."); Mem. Order, *Grimes v. Lewis*, No. 5:12-cv-03159 (W.D. La. Mar. 13, 2013), ECF No. 16 at 1 ("Court records show that [Grimes] has filed more tha[n] 350 complaints and appeals. Three or more of them have been dismissed as frivolous."); *Grimes v. Wan,* No. C 07-1726-CW, 2007 WL 1988530, at *1 (N.D. Cal. July 3, 2007) (citing Order of Dismissal, *Grimes v. Oakland Police Dept.*, No. 4:00-cv-1100 (N.D. Cal. May 18, 2000), ECF No. 4) ("On May 18, 2000, this Court informed Plaintiff that while he is a prisoner, he generally is ineligible to proceed *in forma pauperis* in federal court under the 'three-strikes' provisions of 28 U.S.C. § 1915(g).").

While Grimes' litigation history shows he has not been precluded or dissuaded from filing hundreds of federal civil actions since he was first notified of his inability to further proceed IFP while incarcerated absent any plausible claims of imminent danger, "[t]he point of the PLRA, as its terms show, was to cabin not only abusive but also simply meritless prisoner suits." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1726 (2020). Therefore, this Court joins the Northern District of California, Western District of Louisiana, Eastern District of Kentucky, Middle and Northern Districts of Florida, and the District of Maryland in finding that Plaintiff Jerome L. Grimes has, while incarcerated, had far more than three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

Some specific examples of "strikes" filed and dismissed while Grimes was in custody of the California Medical Facility in Vacaville, California, and the Orange County Corrections Department in Orlando, Florida, are:

(1) Orders, *Grimes v. Cal. Dept. of Corrections*, No. 2:00-cv-00668 (E.D. Cal. Aug. 8, 2000), ECF No. 9 (adopting Report and Recommendation to dismiss action for "fail[ing] to state a cognizable claim for relief" pursuant to 28 U.S.C. § 1915A(b) after court granted IFP and leave to amend complaint);[3]

(2) Order, *Grimes v. CDC-CMF/Dept. of Mental Health*, No. 2:00-cv-00781 (E.D. Cal. Aug. 17, 2000), ECF No. 7 (adopting Report and Recommendation to dismiss action pursuant to 28 U.S.C. § 1915A as frivolous and failing to state a claim after court granted leave to amend complaint);

(3) Order, *Grimes v. Kelly*, No. 6:15-cv-01955 (M.D. Fla. Nov. 30, 2015), ECF No. 3 (denying IFP and dismissing complaint "for fail[ing] to provide a . . . claim for relief.");

(4) Mem. Order, *Grimes v. Williams*, No. 1:15-cv-03848 (D. Md. Dec. 23, 2015), ECF No. 3 (granting IFP and dismissing complaint for failing to state a claim for relief); and

(5) Mem. Order, *Grimes v. Tate*, No. 1:15-cv-03849 (D. Md. Dec. 23, 2015), ECF No. 3 (granting IFP and dismissing complaint for failing to state a claim for relief).

Because Grimes has accumulated, while incarcerated, far more than the three "strikes" Section 1915(g) permits and he fails to make any "plausible allegations" that he faced imminent danger of serious physical injury at the time he filed his Complaint, the Court finds that he is not entitled to the privilege of IFP status in this civil action. *See*

---

[3] *See Harris v. Mangum*, 863 F.3d 1133, 1143 (9th Cir. 2017) ("[W]hen (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint, the dismissal counts as a strike under § 1915(g).").

*Cervantes*, 493 F.3d at 1055; *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999) (finding that 28 U.S.C. § 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("The right to proceed *in forma pauperis* is not an unqualified one . . . . It is a privilege, rather than a right.") (citation omitted).

## II.      Conclusions and Orders

For the reasons above, the Court:

1. **DENIES** Grimes' Motion to Proceed IFP [ECF No. 2] as barred by 28 U.S.C. § 1915(g);

2. **DISMISSES** this civil action without prejudice based on Grimes' failure to pay the full statutory and administrative $402 civil filing fee required by 28 U.S.C. § 1914(a);

3. **CERTIFIES** that an IFP appeal from this Order would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and

4. **DIRECTS** the Clerk of the Court to close the case.

**SO ORDERED**.

Dated: August 4, 2022.

*Robert S. Huie*
Honorable Robert S. Huie
United States District Judge